ISIDOR PACKER and Another, Doing Business as PACKER BROS., Appellants, v. MORRIS GREENBERG, Respondent.— Judgment reversed upon the law and the facts, and a new trial granted, costs to abide the event. The court was correct in holding that the plaintiffs failed to make out a cause of action upon the post-dated check. The evidence, however, was sufficient to require submission of the case to the jury as to the other check. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS RANLEY, Appellant.— Judgment of conviction affirmed, pursuant to section 542 of the Code of Criminal Procedure. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES A. KENNY, Relator, v. RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, Respondent.— Determination confirmed, without costs, and order of certiorari dismissed. No opinion. Rich, Jaycox, Kelby, Young and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS G. REGAN, Relator, v. RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, Respondent.— Determination reversed upon the law and the facts, without costs, and fine remitted. We think, in view of the unusual situation confronting the relator, that the unfortunate act of discharging his revolver cannot be charged as a violation of the rule of the police department. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. SMITH and Others, Respondents, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, Appellants. SPENCER ALDRICH, Intervenor, Appellant. — Appeal dismissed, without costs. In view of the decision filed this day in *People ex rel. Smith* v. *Walsh* (211 App. Div. 205), consideration of this appeal becomes unnecessary. Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.

WILLIAM M. REED, Respondent, v. N. E. VAIL & Co., INC., Appellant.— Judgment and order unanimously affirmed, with costs. While it was error to strike out testimony given by plaintiff on his examination in supplementary proceedings, we think it was not prejudicial to the defendant, as other testimony on the same subject was subsequently received. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

MANUEL H. RIVERA, Respondent, v. 92 BLEECKER STREET, INC., Appellant.— Judgment and order reversed on the law, and a new trial granted, with costs to appellant to abide the event. We think it was error to submit the mortality tables to the jury as a basis for computation of damages in this case, and to instruct the jury that plaintiff had " a reasonable probability of living for something over thirty to thirty-five years according to tables which the law considers as establishing the probable duration of life." These tables have no reference to a human being in the physical condition of the plaintiff. We think the exception to the charge at folio 308 of the record was well taken. Kelly, P. J., Kelby and Kapper, JJ., concur; Jaycox and Young, JJ., dissent, and vote to affirm.